THOMAS M. REYNOLDS vs. MISSOURI, KANSAS AND TEXAS
RAILWAY COMPANY & others.

Suffolk. January 24, 1916. — June 19, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Jurisdiction*, Over foreign corporation. *Corporation*, Foreign: place of business,
service upon. *Equity Pleading and Practice*, Service on foreign corporation,
Plea to jurisdiction, Motion to reopen hearing on plea, Waiver of plea. *Constitutional Law. Interstate Commerce. Waiver.*

Where a resident of this Commonwealth is the New England passenger agent of a
railroad corporation organized under the laws of another State and is advertised
as such agent by the corporation, is the person to whom others in the neighborhood of his place of business look for information as to travel and accommodations
to be had on the corporation's railroad system, uses the corporation's frank
for that business, receives money for transportation orders on the corporation's
line and accounts for such money to the corporation, sells tickets for passenger transportation which are accepted as good without further countersigning or stamping, is striving constantly to direct travel from all of New
England over the corporation's railroad system and takes up complaints in
regard to service with executive officers of the corporation, a finding is warranted
that the railroad corporation is engaged in business in as well as soliciting business in this Commonwealth, and under St. 1913, c. 257, such corporation may
be served with process in the manner provided for service in actions against
domestic corporations.

St. 1913, c. 257, providing that a foreign corporation "which is engaged in or soliciting business in this Commonwealth" may be served with process in the
manner provided for service against domestic corporations is not made unconstitutional because it applies to corporations whose business transacted here
is wholly interstate in its nature.

The validity of the provision of St. 1913, c. 257, making the effect of soliciting business by a foreign corporation in this Commonwealth the same as that of
transacting business here, was not involved in the present case, where the foreign
corporation rightly was found to be doing business in this Commonwealth.

After the close of a hearing in a suit in equity upon a plea to the jurisdiction of the
court, a motion by the plaintiff to be permitted to introduce further evidence alleged to have been discovered since the hearing bearing on the issues raised by
the plea was denied by the trial judge, and the plaintiff appealed from the order
denying the motion. *Held*, that the motion was addressed to the discretion
of the trial judge, and that his decision could not be revised.

A foreign corporation which in a suit in equity has filed a plea to the jurisdiction
of the court, denying that it has been served with process lawfully, does not waive
this plea by taking part in an argument upon the question of whether a preliminary injunction ought to issue, where in doing so it expressly asserts its insistence on its rights under the plea, and by permission of the trial judge merely

argues the question of the injunction in case the decision of the court should be against it on the question of jurisdiction.

In overruling in the present suit in equity a plea of a defendant foreign corporation to the jurisdiction of the court based on the alleged want of lawful service, the question, whether the court had jurisdiction of the subject matter of the suit, was not presented nor considered.

BILL IN EQUITY, filed in the Superior Court on September 3, 1915, against the Missouri, Kansas and Texas Railway Company, a corporation organized under the laws of the State of Kansas and alleged to have a usual place of business in Boston, the American Express Company, a joint stock association organized under the laws of the State of New York and having a usual place of business in Boston, and the Western Union Telegraph Company, a corporation organized under the laws of the State of New York and having a usual place of business in Boston, alleging that the plaintiff is the bearer and holder of two hundred and twenty-four promissory notes for the sum of $1,000 each dated May 1, 1913, and payable on May 1, 1915, with interest at the rate of five per cent per annum made and issued by the defendant Missouri, Kansas and Texas Railway Company, that the defendant railway company has failed to pay the principal of such notes or any interest thereon since May 1, 1915, and owes the amount of such principal and accrued interest to the plaintiff, that each of the other defendants has a contract with the defendant railway company under which that defendant is entitled to and will from time to time be entitled to receive payments of money, also alleging that the defendant railway company owns, subject to pledge, certain stocks and bonds to the income of which it is entitled; and praying that such payments and income may be applied toward the payment of the debt of the defendant railway company to the plaintiff.

The defendant railway company filed a plea to the jurisdiction of the court, alleging "That it was incorporated under the laws of Kansas and has always been a resident of Kansas and was not at the commencement of this suit or at any time afterwards doing business in this State and did not at any of the said times have in this State any place of business or any agent authorized to do any business on its behalf; that George E. Marsters, upon whom process was served in this suit as agent of this defendant, was not at the time of such service or at any other of the said times an agent of this defendant for any purpose which could make service upon

him binding upon this defendant. And this defendant submits that it was not at any of the said times and is not now subject to the jurisdiction of this court and that the service of process as aforesaid was not due process of law against this defendant according to either the Constitution of this Commonwealth or the Constitution of the United States."

The plaintiff filed the following special replication: "And for further replication the plaintiff says that the defendant Missouri, Kansas and Texas Railway Company has waived its right to object to the jurisdiction of this court in this case and has submitted itself to such jurisdiction by appearing by counsel before the court on September 7, 1915, and again on September 10, 1915, and arguing against the issue of a preliminary injunction against it as prayed for in the bill on grounds other than those affecting jurisdiction, to wit, on the ground that the bill did not allege facts which, as a matter of substantive law, entitled the plaintiff to a preliminary injunction or to the final relief prayed for."

The defendant railway company filed a motion to strike out the above special replication. This motion was granted by *Wait,* J., with leave to the plaintiff to move to strike out the plea to the jurisdiction.

The judge in granting the motion made a memorandum of his findings of fact as to waiver and stated in the memorandum that the counsel of the defendant railway company "made it plain that he relied on his objection to the jurisdiction, and with my permission submitted the other points only in case I should be against him on the question of jurisdiction and that he did not waive that question."

The plaintiff then filed a motion to strike out the plea to the jurisdiction, and after argument this motion was denied by *Wait,* J. The plaintiff appealed from the interlocutory order denying the motion to strike out the plea.

The case was heard by *Wait,* J., upon the plea of the defendant railway company. The evidence was taken by a commissioner appointed under Equity Rule 35.

After the hearing upon the plea but before the judge's decision had been rendered, the plaintiff filed a motion for leave to introduce further testimony of facts alleged to have been discovered since the hearing. The judge denied the motion, and the plaintiff

appealed from the interlocutory order denying this motion to be permitted to introduce additional evidence bearing on the facts put in issue by the plea.

The judge made a memorandum of findings as described in the opinion, concluding as follows:

"Nevertheless, Mr. Marsters is held out by the defendant railway as an agent for it at Boston, and, in my opinion, he is doing the acts which St. 1913, c. 257,* contemplates as constituting an engaging in or soliciting business in this Commonwealth by a foreign corporation.

"I, therefore, find said defendant is engaging in business within this Commonwealth; that Marsters is an agent upon whom a service can be made which gives the court jurisdiction of the defendant; that the service made was valid; and, so finding and ruling, the plea is overruled."

The judge, being of opinion that his order that the plea be overruled so affected the merits of the controversy that the matter ought before further proceedings in the Superior Court to be determined by this court, reported that question and also the appeals from his interlocutory orders for such determination.

*B. Corneau,* for the plaintiff.

*J. L. Thorndike,* (*F. V. Barstow* with him,) for the defendant Missouri, Kansas and Texas Railway Company.

RUGG, C. J.    The question at issue in this case is the jurisdictional one, whether service of process has been made upon the defendant railway company, who hereafter will be referred to as the defendant.

The facts are these.    The Missouri, Kansas and Texas Railway Company is a corporation organized under the laws of Kansas. Its lines of railroad are located in Missouri, Kansas, Oklahoma, Texas, and perhaps in other States, but none in Massachusetts. In 1912, it entered into an agreement whereby George E. Marsters, a resident within this Commonwealth, was to represent its railway system as New England passenger agent, with headquarters in Boston, his compensation to consist of a commission on all revenue derived from passenger tickets sold in the six New England States, but without expense to it for office rent, advertising or travelling expenses.    Thereupon, it sent him stationery with this printing:

---

* Printed in the footnote at the bottom of page 384.

"Missouri, Kansas & Texas Railway System. New England Passenger Agency, 248 Washington Street, Boston. W. S. St. George, Gen. Passenger Agent, St. Louis, Mo. Geo. E. Marsters, New England Passenger Agent." Notice of this appointment was sent out by the railway company, which advertised him generally as its New England passenger agent. He was consulted by its officials in regard to passenger business. He was furnished with a frank for telegraphing on railroad business. He sold tickets for and reserved seats and berths in cars of the Pullman Company running over the defendant's railroad system, and used his telegraph frank which he was authorized to use only on the business of the railway company in connection with these transactions, although he was agent for the Pullman Company. In a comparatively few instances he issued prepaid orders for the transportation of passengers beginning at some point on the defendant's railroad system, to be exchanged for a ticket to be delivered at the points indicated, to be honored by the railway company. A form of prepaid order was furnished him by the defendant for that purpose. The money received from this source was sent by Marsters directly to the defendant. Local ticket agents in Boston conferred with him whenever they wanted information respecting the defendant's railroad system, or when they wanted a communication sent to it about its business, and he transmitted such communications. In some instances complaints about transportation were presented to him, which he took up with the railway company. Marsters paid the rent of his place of business himself, and conducted there a large business in "Tickets and Tours" on his own account. He advertised upon his windows and walls the names of many railroads and steamship lines, including in a prominent place that of the defendant railway company. He does not have for sale at his office any tickets of the defendant railway company, but sells through his arrangement with other railroad companies tickets issued by such railroads, which contain coupons for passage to points on or over the system of the defendant. Tickets constantly are sold by Marsters and other persons within this State, to which are attached coupons entitling the traveller to transportation over the lines of the defendant railway company without further validation. It is his duty to influence travellers to use the system of the defendant railway company and to exert this influ-

·ence throughout the New England States. He renders no accounts to the company except for the prepaid orders. He is paid his monthly percentage on New England sales. At the Washington Street place of business he is conducting his own business in some respects for the benefit of the defendant railway company. In conclusion the trial judge found that "Marsters is held out by the defendant railway as an agent for it at Boston and . . . is doing the acts which St. 1913, c. 257, contemplates as constituting an ·engaging in or soliciting business in this Commonwealth by a foreign corporation. I, therefore, find said defendant is engaging in business within this Commonwealth." Most of these facts have been found by the trial judge, but as only one witness testified, and apparently the trial judge did not distrust his testimony in any respect, we have treated his testimony as true and included in this statement a few facts not stated in the judge's findings, but shown by the testimony and supporting his conclusion. See *Lindsey* v. *Bird*, 193 Mass. 200; *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138.

The precise point to be decided is whether the defendant railway company was "engaged in or soliciting business in this Commonwealth" within the meaning of the pertinent statute.* The question involved is a federal one upon which the decisions of the United States Supreme Court are controlling. That court has said that "each case of this kind must depend upon its own facts." *Washington-Virginia Railway* v. *Real Estate Trust Co.* 238 U. S. 185, 186. That court has not undertaken to formulate any general rule defining what transactions are essential to the doing of business in the sense which will render the one conducting it liable to service of process. It has gone no further than to say that as to corporations "the business must be such in character and extent as to warrant

* St. 1913, c. 257, amending St. 1907, c. 332, § 1, is as follows: "In an ac-tion against a foreign corporation having its principal or a usual place of business within this Commonwealth, or which is engaged in or soliciting business in this Commonwealth, permanently or temporarily, and with or without a ·usual place of business therein, service of the summons or writ may be made .according to the provisions of section thirty-six of chapter one hundred and sixty-seven of the Revised Laws for service in actions against domestic corporations; and such service shall be of the same effect and validity as if made ·upon the commissioner of corporations."

the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served." *St. Louis Southwestern Railway* v. *Alexander,* 227 U. S. 218, 227. In that case the facts were that the name under which the defendant did business was on the door of an office in New York, together with the name of persons designated as a general freight and passenger agent and a travelling freight agent. Through one of these agents, before action was brought, the plaintiff had some negotiations and correspondence touching his claim and its settlement, which reached and were considered by the executive officers of the defendant. This was held to be the transaction of business in behalf of the defendant in such manner as to make it liable to the service of process in respect of that matter in New York.

The case at bar seems to us to fall within the principle and the facts of the Alexander case. Marsters confessedly was the New England passenger agent advertised by the defendant as such, to whom others in this neighborhood looked for information respecting travel and accommodations to be had upon the defendant's railway system. He used the defendant's telegraphic frank for that business. He received money for transportation orders on the defendant's line and accounted for such money to the defendant. He was also constantly striving to direct travel from all New England territory over the defendant's railroad system. He took up complaints as to service with executive officers of the defendant. While the case at bar possesses all the elements of doing business revealed in the Alexander record, there are present some factors lacking in that case. Tickets good over the defendant's railroad system, attached as coupons to other tickets, were sold not only by Marsters (although not in his capacity as agent for the defendant) but by others within this State. The amount of revenue derived from these sales is not stated. The selling of tickets for passenger transportation is an important source of income to a railroad. The selling of such tickets accepted as good without further countersigning or stamping can only be done by authority of the defendant. Possession of such authority indicates a kind of agency. The importance of this branch of the defendant's business depends somewhat upon its magnitude. But the inference seems fair from the general testimony of Marsters that it is considerable. The selling of tickets good over the lines of a foreign railway corporation by agents of

other corporations does not, standing alone, constitute the doing of business by the foreign corporation within the State of sale of the tickets. *Peterson* v. *Chicago, Rock Island & Pacific Railway*, 205 U. S. 364, 394. But, considered in connection with the other circumstances, it is entitled to some weight. All in all, Marsters performed a service which was regarded as important. Judged by the compensation paid to him, it was worth fifteen per cent of all the revenue coming from passenger tickets sold in New England for the defendant railroad system. Correspondence as to complaints, advice as to passenger business, and other activities are outside a simple solicitation of business. While many of these elements alone might be held not to be a doing of business, we think that, grouped in combination, they constitute a doing of business within the Commonwealth sufficient to subject it to the service of process. *International Harvester Co.* v. *Kentucky*, 234 U. S. 579.

The case at bar seems to us distinguishable from *Green* v. *Chicago, Burlington & Quincy Railway*, 205 U. S. 530. There the office was hired in Pennsylvania by the defendant, but the solicitation of business and the selling of prepaid orders entitling the holder when reaching Chicago to receive a ticket over the railroad of the defendant was all that was done in that State. There are absent all the other factors present in the case at bar, while payment of office rent is the only one not disclosed here and present there. *W. S. Tyler Co.* v. *Ludlow-Saylor Wire Co.* 236 U. S. 723, and *Peterson* v. *Chicago, Rock Island & Pacific Railway*, 205 U. S. 364, 394, fall in the same class as the Green case, and are wanting in features found here which seem to throw the case at bar on the other side of the line. The mere solicitation of business by a foreign corporation without more commonly has been held not to be the doing of business within a State. *Berger* v. *Pennsylvania Railroad*, 27 R. I. 583. *Booz* v. *Texas & Pacific Railway*, 250 Ill. 376, 381. *Arrow Lumber & Shingle Co.* v. *Union Pacific Railroad*, 53 Wash. 629. These and other like cases generally have been decided in the absence of a State statute expressly providing that for purpose of services of process the solicitation of business shall constitute a doing of business. See, however, *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437, 442. It is not necessary in the present case to decide whether such a statute would be constitutional, for the reason that the facts show a doing of business

in the sense in which those words are used in *Goldey* v. *Morning News*, 156 U. S. 518, *Green* v. *Chicago, Burlington & Quincy Railway*, 205 U. S. 530, *St. Louis Southwestern Railway* v. *Alexander*, 227 U. S. 218, and other cases of the United States Supreme Court.

Therefore, we conclude that the finding of fact that the defendant railway company was doing business within the Commonwealth was right.

In its broader aspect the question is presented whether St. 1913, c. 257, is constitutional. The circumstance that the business transacted by the defendant was wholly interstate in its nature is of no consequence in this connection. *International Harvester Co.* v. *Kentucky*, 234 U. S. 579. It is not necessary to discuss how great may be the effect of a State statute declaring certain conduct by a foreign corporation to constitute the transaction of business which would not be held to constitute the transaction of business apart from the statute. It is enough to say that the facts in the case at bar plainly bring the defendant within the terms of the statute. The statute is constitutional as applied to these facts because in our opinion, as already stated, they constitute a doing of business within the rule of the Alexander case.

The service of process here was in accordance with the terms of the statute. It was made both upon Marsters as the agent and upon a stockholder of the defendant.

While service upon a stockholder or even upon a director of the defendant resident within the Commonwealth, in accordance with R. L. c. 167, § 36, standing alone might be disregarded if the corporation transacted no business within the State, *Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189, when it is found that the corporation is transacting business within the Commonwealth, then such a service made in accordance with a statute offends no constitutional provision and constitutes adequate service of process. *Pennsylvania Lumbermen's Mutual Fire Ins. Co.* v. *Meyer*, 197 U. S. 407. *St. Louis Southwestern Railway* v. *Alexander*, 227 U. S. 218, 226.

The motion of the plaintiff to be allowed to offer additional evidence after the hearing had been closed, but before the rendition of a decision, was addressed to the discretion of the trial judge and cannot be revised. The denial of the motion and the appeal from it presents no question of law. *Briggs* v. *Adams*, 220 Mass. 262.

There has been no waiver of the plea to the jurisdiction which seasonably was filed by the railway company. The argument of the question whether a preliminary injunction ought to issue, was made with reservation of all rights under the plea to the jurisdiction. The argument was invited by the judge. He made a finding to the effect that counsel plainly relied on the jurisdictional point and did not waive it, and by permission argued other points only in case the court should be against him on the question of jurisdiction. This finding was right. The conduct of the defendant's attorney constituted no waiver of the plea to the jurisdiction and was far from being in substance a general appearance. In principle this branch of the case is indistinguishable from *O'Loughlin* v. *Bird,* 128 Mass. 600, *Lowrie* v. *Castle,* 198 Mass. 82, 90, *Cheshire National Bank* v. *Jaynes, ante,* 14, and cases there collected. The plaintiff's exceptions and appeal upon this point are without merit.

The question whether the cause of action set out in the plaintiff's bill is one which can be sued upon in this State because related to the business done here, is not presented on this report and is not considered. See *Simon* v. *Southern Railway,* 236 U. S. 115, 130.

The plaintiff's appeal from the interlocutory orders striking out part of the plaintiff's replication to the plea has not been argued and is treated as waived. It follows that the plaintiff's exceptions are overruled, the order overruling the defendant's plea to the jurisdiction is affirmed, and other interlocutory orders are affirmed.

*So ordered.*