THOMAS M. REYNOLDS *vs.* MISSOURI, KANSAS AND TEXAS
RAILWAY COMPANY & trustees.

Suffolk.    October 18, 19, 1917. — December 12, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Res Judicata. Practice, Civil,* Law of case, Exceptions. *Jurisdiction. Corporation,* Foreign. *Equity Pleading and Practice,* Amendment. *Waiver.*

Where a suit in equity against a foreign corporation, which was begun by the insertion of the bill in a common law writ, is amended into an action at law, it remains the same proceeding, and a decision of this court, made in the suit in equity before the amendment, that the defendant was engaged in business as well as soliciting business in this Commonwealth and under St. 1913, c. 257, properly was served with process in the manner provided for service in actions against domestic corporations, is the law of the case, and the defendant cannot be allowed to set up in abatement of the action at law the alleged defence that the court has no jurisdiction for want of proper service on the defendant.

In the same case it was *said* that the plaintiff, by filing a replication to the plea to

the jurisdiction of the court in the suit in equity before the amendment into an action at law, did not waive his right to object to the reopening in the action at law of the issues disposed of in the suit in equity before the amendment.

In the same case it was *held,* that, although the proper practice for the plaintiff would have been to join issue on the plea in abatement to the jurisdiction of the court contained in the defendant's answer in the action at law, the fact that the plaintiff, instead of doing this, resorted to the procedure of moving to strike out from the defendant's answer the portion adjudicated against the defendant in the suit in equity, which motion was allowed by the judge, did not injuriously affect the substantial rights of the defendant and under St. 1913, c. 716, § 1, gave it no right of exception.

Where a foreign corporation actually doing business in this Commonwealth has been brought within the jurisdiction of a court of this Commonwealth by the service under St. 1913, c. 257, of a writ upon its agent, who is a resident of this Commonwealth, voluntarily appointed by it to have charge of its business here, it becomes answerable in this jurisdiction to any transitory cause of action, including an action at law on promissory notes made and negotiated by it in another State.

BILL IN EQUITY, inserted in a common law writ dated August 31, 1915, against the Missouri, Kansas and Texas Railway Company, a corporation organized under the laws of the State of Texas and alleged to have a usual place of business in Boston, and fourteen trustees summoned by trustee process, amended by leave of court on December 8, 1916, into an action at law against the defendant as the maker of certain promissory notes, as described in the opinion.

In the report of this case at its previous stage in 224 Mass. 379, the bill in equity is described as having been filed on September 3, 1915, instead of giving the date of the common law writ in which it was inserted, August 31, 1915. The date of filing was taken from the printed record of the case as reported by the judge.

The proceedings in the action at law are described in the opinion. The first bill of exceptions there described was allowed by *Jenney,* J., who made the order excepted to granting the plaintiff's motion to strike out the first part of the defendant's answer. The order was "that so much of said answer be stricken out as sets up that the defendant . . . 'has never appointed any agent upon whom service of any processes against' it 'might be made in this State,' and so much thereof as sets up that the defendant '. . . did not have any place of business in this State at the time of the commencement of this action or at the time of the service of any

process therein purporting to be made upon the defendant, and was not at any of the said times engaged in any business or doing anything else in this State except soliciting there various persons to travel over its railways situate in the States of Missouri, Kansas, Oklahoma and Texas.'"

Later the case was tried before *Hardy*, J. The judge found upon the evidence that the defendant did not make, issue or negotiate in this Commonwealth any of the promissory notes mentioned in the plaintiff's declaration.

The defendant asked the judge to rule "that, if the defendant, being a Kansas corporation, did not make, issue or negotiate in this State the promissory notes mentioned in the plaintiff's declaration or any of them, the defendant is not subject to the jurisdiction of this court as regards any of the said promissory notes, and the service of process appearing by the returns of officers upon the process in this action was not due. process of law against this defendant in respect thereof according to the Constitution of the United States." The judge refused this request.

The judge ruled at the request of the plaintiff that, whether the defendant negotiated, made or issued the notes sued on in this Commonwealth, was wholly immaterial. He found for the plaintiff and assessed damages in the sum of $244,720. The defendant alleged exceptions.

*J. L. Thorndike,* for the defendant.

*B. Corneau,* for the plaintiff.

DE COURCY, J. This is an action by the holder against the maker of certain promissory notes. It was commenced by a writ of trustee process, containing a bill in equity to reach and apply equitable assets attached. The defendant filed a plea to the jurisdiction of the court, alleging that it was incorporated under the laws of Kansas, was not doing business in Massachusetts and did not have here any place of business or agent to do any business in its behalf. After a hearing the plea was overruled by the Superior Court; and that decision was affirmed by this court. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379.

At a later stage in the proceedings the plaintiff asked for and obtained leave to amend the suit into an action at law, and filed a declaration upon the same promissory notes. The defendant then filed an answer, the first part (which alone is now material) setting

up in abatement the same facts it had alleged previously in the plea to the jurisdiction. Before the case came on for trial the trial judge, upon a motion of the plaintiff and after hearing, ordered stricken from the answer the allegations to the effect that the defendant had never appointed an agent upon whom service of any process against it might be made in Massachusetts and did not have any place of business in this State, and was not here engaged in any business or doing anything else except soliciting persons to travel over its railway situated in other States. The correctness of this ruling is brought before us by the defendant's first bill of exceptions.

The case came on for trial before another judge without a jury. The defendant requested the judge to rule, in substance, that if it did not make, issue or negotiate in this State any of the promissory notes, it was not subject to the jurisdiction of the court as regards any of them, and the service of process was not due process of law against the defendant in respect thereof according to the Constitution of the United States. The judge refused so to rule, and ruled that it was wholly immaterial whether the defendant negotiated, made or issued the notes in this State. The only question raised by the defendant's second bill of exceptions is the correctness of this ruling and refusal to rule.

1. It was assumed by the trial judge, and we think rightly, that by the parts of the answer stricken out the defendant intended to raise again the identical issues that had been raised by its plea to the jurisdiction. It had been adjudicated at an earlier stage of the proceedings that the defendant company was doing business within the Commonwealth, and that the service of process upon it, in accordance with St. 1913, c. 257, was adequate. That settled the law of the case in the trial court. The defendant was not entitled as of right to a second trial of these issues merely because the pleadings had been changed from a bill in equity to a declaration at law, and issue had been joined on the answer by a general replication. The plea to the jurisdiction attacked the service of the writ; and no new writ was issued or new service made. The amendment of the pleadings did not make the action a new one. The statute authorizing such amendments provides expressly that the court shall retain jurisdiction of "the cause as amended." R. L. c. 173, § 52. The cause continued the same throughout, with no

part of the record expunged. The plaintiff's right to interest from the date of the writ remained. *Cormier* v. *Brock,* 212 Mass. 292. If the cause of action was not barred by the statute of limitations when the suit was originally brought it would not be barred when the amendment was allowed. *Smith* v. *Butler,* 176 Mass. 38, 42. The question of jurisdiction, settled on the equity side of the court, could not be reopened as matter of right when the case was transferred to the law side. See *Gahm* v. *Wallace,* 206 Mass. 39. Nor did the plaintiff by filing a replication waive his right to object to a second trial of the issues raised by the plea to the jurisdiction.

The proper practice would have been a joinder of issue by the plaintiff on the plea in abatement, alleging that the question had already been decided and had become the law of the case; but the procedure followed (striking out parts of the answer), did not injuriously affect the substantial rights of the defendant. St. 1913, c. 716, § 1. This exception must be overruled.

2. In deciding the issue raised by the second bill of exceptions, we must consider it settled by the earlier decision that the defendant was in fact doing business in Massachusetts, and that it voluntarily had appointed George E. Marsters, a resident within this Commonwealth, to have charge of its business as New England passenger agent, with headquarters in Boston. See 224 Mass. 379, 383, 385. By thus establishing a domicil of business in this Commonwealth, the defendant, under the provision of St. 1913, c. 257, made itself amenable to service of process here in the same manner as a domestic corporation. Proper service having been made, the defendant was brought within our jurisdiction, and became answerable here to this transitory cause of action, which is enforceable wherever the defendant may be found. It is of no legal consequence that the promissory notes sued on were made or negotiated outside of the State. And the argument *ab inconvenienti* urged on behalf of the defendant is met by one of equal force on the side of the plaintiff. *Roberts* v. *Knights,* 7 Allen, 449. *Johnston* v. *Trade Ins. Co.* 132 Mass. 432. *Dennick* v. *Railroad Co.* 103 U. S. 11. *Barrow Steamship Co.* v. *Kane,* 170 U. S. 100. *Connecticut Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602.

In support of its contention that it is not subject to the jurisdiction of our courts as regards promissory notes not made or nego-

tiated by it in this State, and that the service of process was not due process of law against it in respect thereof, the defendant relies on the cases of *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8, and *Simon* v. *Southern Railway*, 236 U. S. 115. But the question decided in those cases is not the one before us. In *Old Wayne Mutual Life Association* v. *McDonough* an action was brought in Pennsylvania upon an insurance contract executed in Indiana by an Indiana corporation. That corporation, although doing business in Pennsylvania, did not file the stipulation as to service of process upon the insurance commissioner, which by the statute of Pennsylvania was required of all foreign insurance companies doing business in that State. The service was made on the insurance commissioner. No legal notice was given to the association, and it did not appear in the suit. The service was held to be invalid. The court said: "While the highest considerations of public policy demand that an insurance corporation, entering a State in defiance of a statute which lawfully prescribes the terms upon which it may exert its powers there, should be held to have assented to such terms as to business there transacted by it, it would be going very far to imply, and we do not imply, such assent as to business transacted in another State, although citizens of the former State may be interested in such business."

The principle laid down, as we understand it, is that while a foreign corporation is estopped to take advantage of its failure to file the stipulation required by law, if the cause of action arose in the State seeking to impose the liability, the estoppel will not be extended to a case where the cause of action did not arise out of business transacted in that State. The same principle was applied in the Simon case. The plaintiff brought an action in the courts of Louisiana against a Virginia corporation, for an alleged tort committed in Alabama. The railway company had not designated an agent upon whom service might be made, as the local statute required of foreign corporations doing business in the State; nor in fact was it determined that the company was doing business in Louisiana. Service of the summons was made on the Assistant Secretary of State, no notice of the suit was given to the railway, and it made no appearance. The "implied assent," or estoppel arising out of the railway's failure to provide for the statutory service, was not extended to the cause of action arising in another

State, and the service was held not to be sufficient to give the court jurisdiction.

In neither of these cases did the court decide that a foreign corporation engaged in business in another State, and which has filed the required appointment of a statutory agent, is not subject to the jurisdiction of the latter State in transitory actions originating outside that State. In such case presumably the jurisdiction would depend, not on implied assent or estoppel, but on the scope of the statutory appointment, as construed by the court. *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining & Milling Co.* 243 U. S. 93. *Gold Issue Mining & Milling Co.* v. *Pennsylvania Fire Ins. Co.* 267 Mo. 524. *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.* 217 N. Y. 432. *Smolik* v. *Philadelphia & Reading Coal & Iron Co.* 222 Fed. Rep. 148. Much less did the court, in the Old Wayne and Simon cases pass upon the question before us, namely, the effect of service on an agent voluntarily appointed by a foreign corporation. In the Simon case the court expressly refrained from passing on this question, saying ". . . without discussing the right to sue on a transitory cause of action and serve the same on an agent voluntarily appointed by the foreign corporation, we put the decision here on the special fact, relied on in the court below, that in this case the cause of action arose within the State of Alabama, and the suit therefor, in the Louisiana court, was served on an agent designated by a Louisiana statute."

It having been adjudicated that the defendant corporation was engaged in business in Massachusetts, that it had subjected itself to the jurisdiction of our courts by the voluntary appointment of an agent representing it generally and that the service of process upon it was adequate, we are of opinion that the jurisdiction of the court was not limited to causes of action arising in this Commonwealth. It may be added, if material, that the defendant has been represented by counsel at every stage of the proceedings. We find no error in the trial judge's ruling and refusal to rule set forth in the second bill of exceptions.

*Exceptions overruled.*