**WILLIAM I. HORLICK CO., Inc.,**
v.
**BOGUE ELECTRIC MANUFAC-
TURING CO.**
Civ. A. No. 56-36.

United States District Court
D. Massachusetts.
Nov. 28, 1956.

Sydney S. Epstein, Boston, Mass., for plaintiff.

Howard Rubin, Guterman, Horvitz & Rubin, Boston, Mass., for defendant.

FORD, District Judge.

The original service of process in this action, made upon the Massachusetts Commissioner of Corporations and Taxation, was quashed by this court on the ground that Mass.G.L. Ch. 181, § 3A, under which service was purportedly made, did not authorize service on the commissioner where the cause of action did not arise out of business done by the defendant within the state. William I. Horlick Co., Inc., v. Bogue Electric Manufacturing Co., D.C., 140 F.Supp. 514. Thereupon further service of process was

made upon one Michael K. Scholnick as agent in charge of defendant's business in Massachusetts.

An alternative method of service on foreign corporations is provided by Mass. G.L. Ch. 223, § 38, which reads:

"In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the commissioner of corporations and taxation under section three or section three A of chapter one hundred and eighty-one." St.1939, c. 451, § 61.

The preceding section, § 37, provides for service on a domestic corporation by service upon, among others, the "agent or other officer in charge of its business." St.1945, c. 306.

■ Since July 12, 1954, defendant has had a salesman in Massachusetts to solicit business for it in this state and throughout the New England area. Scholnick was this salesman on May 16, 1956 when service was made upon him. Sales solicited by him are subject to final approval by defendant's New Jersey office. Through arrangements with a telephone answering service defendant has a telephone at 18 Tremont Street, in Boston, listed under its name in the greater Boston telephone directory. It lists this address on business cards as its sales office, and it was at this address that Scholnick was actually found for service of process. In addition to soliciting sales, the salesman relays to the New Jersey office requests from customers for changes or for information, and has at times visited customers to discuss complaints. When repairs have to be made on machinery sold by defendant, defendant's servicemen are sent here from New Jersey to do the work. These activities constitute sufficient promotional work in addition to solicitation to constitute it as doing business in Massachusetts. Wyshak v. Anaconda Copper Mining Company, 328 Mass. 219, 103 N.E.2d 230.

■ Scholnick was also a person who fulfilled the requirements of § 37 as a person upon whom service upon the defendant could be effectively made. He was the only employee of the defendant resident in Massachusetts and regularly engaged in its business there. Except for the irregular visits of defendant's servicemen to this state, the activity of the defendant here was the activity of Scholnick. Subject, of course, to the directions of the New Jersey office, he conducted defendant's business here, and can clearly be said to be the person here in charge of that business. In considering the meaning of the word "agent" in § 38 the Massachusetts court has said that " * * * it is difficult to see how any manager or employee of a corporation in charge of its business can be other than its agent." Atlantic National Bank of Boston v. Hupp Motor Car Corporation, 298 Mass. 200, 202, 10 N.E.2d 131, 133. Under that interpretation Scholnick was an agent upon whom service could properly be made.

■ A more serious question is presented by the fact that this action is based upon a contract concluded in New Jersey in 1951, at a time when defendant was not doing business in Massachusetts. Defendant's contention is that the provisions of §§ 37 and 38 are inapplicable in such a situation. There is no express limitation in § 38, as there is in Mass. G.L. Ch. 181, § 3A, limiting the application of the section to cases arising out of the business done within the state, and the language of § 38 is clearly broad enough to cover all transitory causes of action, whether or not they arise within the state, and whether or not they arise out of transactions taking place at a time when defendant was not doing business here. The only requirement imposed is that defendant must be doing business here at the time of suit in order to be effectively served with process.

The interpretation of § 38 is primarily for the Massachusetts courts, and they have given the section a broad interpretation. It has been held applicable to all transitory actions against a foreign corporation doing business here, and not to be restricted to causes of action arising here. Trojan Engineering Corporation v. Green Mountain Power Corporation, 293 Mass. 377, 382, 200 N.E. 117; Reynolds v. Missouri, Kansas and Texas Railway Company, 224 Mass. 379, 113 N.E. 413, affirmed per curiam, 255 U.S. 565, 41 S.Ct. 446, 65 L.Ed. 788. The only limitation on the scope of the section was in Thurman v. Chicago, Milwaukee & St. Paul Railway Company, 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563, where, because of constitutional doubts, it was held not to authorize service on the agent of a foreign corporation engaged solely in solicitation of business, where the cause of action did not arise here and had no connection with the solicitation. But the court said, 254 Mass. at page 575, 151 N.E. at page 66, "It [§ 38] certainly may govern the method of service of process in all cases where the solicitation or other transactions amount to a doing of business." Clearly § 38 as interpreted by the Massachusetts courts is applicable to the present case.

There remains the question whether such a broad interpretation runs counter to any federal constitutional limitations of due process. Brown v. Shields & Co., Inc., D.C., 41 F.2d 542, seems to hold that § 38 cannot constitutionally be applied to authorize service on an agent of a foreign corporation soliciting business here in an action arising out of a transaction entered into before the corporation began to solicit business here. There is nothing to indicate that the defendant there was engaged in additional activities which would constitute doing business rather than mere solicitation.

As pointed out by the Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the question of whether a foreign corporation's activities within a state are such that it can constitutionally be subjected to suits within that state not arising from those activities has been differently decided in different situations. The test as laid down in that case is whether the contacts, ties or relations of the corporation with the state are such as to make it reasonable to require the corporation to defend the particular suit. The situation must be such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

In the present case the defendant corporation, as has been pointed out, is now doing business in Massachusetts with a representative who resides here, has a business headquarters here, and is regularly and systematically engaged in the solicitation of business and other additional activities. While the contract on which the action is based was made in New Jersey at a time when defendant was not doing business here, it was nevertheless made with a Massachusetts corporation and called for the delivery over a period of time of thirty electric generators. The present action is based solely upon an illegal breach of warranty as to the quality of those generators, discovered after they had actually been delivered to plaintiff in Massachusetts. To require defendant in these circumstances to defend against this claim in Massachusetts is not so unreasonable or unfair that it can be said to violate the constitutional requirements of due process.

The conclusion must be that defendant is doing business in Massachusetts, that the service made here was a valid service upon its agent in charge of its business, in compliance with Mass.G.L. Ch. 223, §§ 37 and 38, that such service falls within the scope of those sections as interpreted by the Massachusetts courts, and that the application of those sections in the circumstances of this case does not violate constitutional requirements of due process.

The motions to quash service of summons and to dismiss the action are denied.