Hazel M. CORBIN, Administratrix of the
Estate of Eli Corbin

v.

BASTIAN BLESSING COMPANY.

Civ. A. No. 65–899–J.

United States District Court
D. Massachusetts.

March 10, 1967.

Christopher W. Sloane, Sloan & Walsh, William J. Dailey Jr., Boston, Mass., for plaintiff.

Alan G. Miller, Morrison, Mahoney & Miller, Alan H. Robbins, Boston, Mass., for defendant.

## OPINION ON DENIAL OF DEFENDANT'S MOTION TO DISMISS

JULIAN, District Judge.

This case came on for hearing by the Court on Monday, February 13, 1967, on the defendant's motion to dismiss. The action was originally begun by a writ dated October 29, 1965, and returnable in Middlesex Superior Court, naming Bastian Blessing Company as defendant. The declaration alleged that personal injuries resulting in death were sustained by the plaintiff's decedent when a defective gas regulator manufactured by the defendant caused a fire on premises under construction in Cambridge, Massachusetts. Service was made on Raymond B. Murray, an individual described in the officer's return as "Agent in charge of its [Bastian Blessing Company's] business at time of service." The action was subsequently removed to this court on the basis of diversity jurisdiction. The defendant bases its motion to dismiss on two grounds: 1) that the defendant corporation was not subject to service of process within the Commonwealth of Massachusetts, and 2) that service of process upon Raymond Murray was not proper service on the corporation.

Chapter 223, section 38 of the Massachusetts General Laws provides:

"In an action against a foreign corporation * * * which has a usual place of business in the commonwealth, or,

with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general * * *."

Section 37 of Chapter 223 provides in pertinent part:

"In an action against a domestic corporation * * * service shall be made upon the president, treasurer, clerk, * * * cashier, secretary, agent or other officer in charge of its business * * *."

I find the following facts. Murray has been a resident of Stockbridge, Massachusetts, since 1953 and has been employed by Bastian Blessing Company (hereinafter referred to as the Company) since that time in the capacity of "District Sales Manager." The Company pays him a salary as well as a commission on sales and reimburses him for all expenses, including the costs of entertaining customers, air travel, and car rental. Murray regularly keeps records of the Company as well as samples used in selling at his home in Stockbridge.

As District Sales Manager, Murray is empowered to do whatever is incidental to selling the Company's products. He calls on a list of approximately forty customers in Massachusetts every ninety days to promote sales and foster good will for the Company. He takes orders for the Company's products which are finally confirmed in Chicago. Murray also receives and investigates complaints from customers regarding the Company's products and gives technical advice to customers regarding use of the products. It is also the function of Murray to attend conventions and trade meetings in Massachusetts to solicit business for the Company. He specializes in the REGO line manufactured by the Company, and being the only employee of the Company in Massachusetts, he is in full control of sales of the line in Massachusetts.

The total volume of sales of the Company's products in this state has been as follows: $236,000 in 1963, $210,000 in 1964, and $198,000 in 1965.

Considering first the contention that the Company was not subject to service of process in Massachusetts, I find that the activities of the Company through its employee Murray bring it within the reach of section 38 of Chapter 223 quoted above. In dealing with this identical question in the case of Schmikler v. Petersime Incubator Co., 1949, 1 Cir., 177 F.2d 983, the Court of Appeals for the First Circuit stated: "We think it is the business of the federal court to follow the state court's construction of its own statute, assuming, of course, that it does not transgress constitutional limitations, until the state court announces a different rule." Id. at 986.

The case of Jet Manufacturing Co. v. Sanford Ink Co., 1953, 330 Mass. 173, 112 N.E.2d 252, involved the present issue under similar circumstances. The language of that decision is particularly pertinent here:

"There was a regular and systematic effort to acquire business by solicitation which was successful practically throughout the Commonwealth and which led to the acquisition of a substantial number of customers. Here again there was more than mere solicitation. There was the investigation of complaints by a permanent representative resident in the Commonwealth who was empowered to do whatever was incidental to selling and fostering good relations with the trade. * * * That it is not necessary to maintain an office in order to become subject to the jurisdiction of this Commonwealth is manifest from the language of § 38." Id. at 176, 112 N.E.2d at 254.

See also Schmikler v. Petersime Incubator Co., supra. Although there is no evidence to indicate whether the present action arises out of specific sales solicited in Massachusetts, the Supreme Judicial Court has held that section 38 of Chapter 223 is not limited to causes of action that arise within the Commonwealth. Trojan Engineering Corp. v. Green Mt. Power

Corp., 1936, 293 Mass. 377, 200 N.E. 117. In that case "the cause of action arose from dealings entirely outside Massachusetts." Id. at 379, 200 N.E. at 118.

I find, therefore, that the defendant's activities in this state exceeded mere solicitation and brought it well within the reach of section 38.

■ Considering now the second contention, that in-hand service on Murray was not proper service on the defendant, I find that Murray was an agent in charge of defendant's business as referred to in section 37, Chapter 223, quoted above. See Schmikler v. Petersime Incubator Co., supra, and William I. Horlick Co. v. Bogue Electric Mfg. Co., 1956, D.Mass., 146 F.Supp. 347.

Accordingly, the defendant's motion to dismiss is denied.