UNITED STATES *v.* FREIGHTS, ETC., OF S. S. MOUNT SHASTA.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

No. 267. Argued April 14, 1927.—Decided May 31, 1927.

1. A decree of the District Court dismissing a suit for want of admiralty jurisdiction was appealable to this Court under Jud. Code § 238. P. 469.
2. A suit in admiralty to enforce a shipowner's lien on sub-freights of the ship may be brought *in rem* against such freights, in the district where the debtor resides. P. 470.
3. The jurisdiction is not ousted by an answer denying that such freights are due. P. 471.
4. Jurisdiction *in rem* in admiralty is determined by the allegations of the libel. It may be defeated upon the trial by proof that the *res* does not exist. P. 471.

291 Fed. 92, reversed.

APPEAL from a decree of the District Court dismissing a libel in admiralty for want of jurisdiction.

*Assistant Attorney General Farnum,* with whom *Solicitor General Mitchell* and *Messrs. Clinton M. Hester* and *W. Clifton Stone,* Special Assistants to the Attorney General, were on the brief, for the United States.

The provisions of the charter gave the shipowner a valid lien upon subfreights which could be enforced by an admiralty proceeding *in rem.* Once the existence of

the lien is conceded, the right to a remedy *in rem* is a necessary corollary upon familiar admiralty principles. *Amer. Barge Co.* v. *C. & O. Coal Co.,* 115 Fed. 669. The refusal of a cargo owner to comply with the directions in the monition and to cover the unpaid part of the freight into the registry of the court can not affect the jurisdiction of the court which had attached at the time of the filing of the libel. *Snow* v. *180 Tons of Iron,* 11 Fed. 517; Carver, Carriage by Sea, 7th ed., p. 930; *Freights of the Kate,* 63 Fed. 707; *Bank of Br. N. Amer.* v. *Freights of Ansgar,* 127 Fed. 859; aff. 137 Fed. 534; *Larsen* v. *150 Bales of Sisal Grass,* 147 Fed. 783; *Actieselskabet Dampsk. Thorbjorn* v. *Harrison & Co.,* 260 Fed. 287; *Tagart* v. *Fisher,* 9 Asp. 381 (Court of Appeal). The loss of the lien on the cargo as result of its delivery to the consignee does not affect the lien upon the subfreights, which persists as long as such freights or any part thereof remain unpaid. *The Sarpfos,* 1925 A. M. C. 137.

The jurisdiction of the court attached upon the filing of the libel containing the requisite jurisdictional allegations and was perfected upon the issuance of a monition and its service upon the cargo owner. Thereafter, the right of the court to proceed and hear the case on the merits was not defeated by the mere filing of the defensive pleadings, although presented with the utmost good faith.

The authorities dealing with the character of recoupment or set-off in admiralty proceedings clearly oppose themselves to any such results as have been reached in the court below. Parsons, Maritime Law, vol. 2, p. 717; *Snow* v. *Carruth,* 1 Sprague 324; *Wash.-Sou. Nav. Co.* v. *B. & P. S. S. Co.,* 263 U. S. 629; *Thatcher* v. *McCulloh,* Olcott's Reps. 365; *Kennedy* v. *Dodge,* 1 Benedict 311; *Amer. Barge Co.* v. *C. & O. Coal Co.,* 115 Fed. 669, and cases cited, *supra.*

*Quaere* whether the question as to the existence of a *res* upon which a maritime lien could attach raised any

jurisdictional issue at all in a strict sense. *Sperry Gyroscope Co.* v. *Arma Eng. Co.*, 271 U. S. 232; *The Resolute,* 168 U. S. 437; *Hazelwood Dock Co.* v. *Palmer,* 228 Fed. 325; Benedict, Admiralty, 5th ed., § 434, and cases cited.

*Messrs. Thomas Hunt* and *John H. Lowrance,* with whom *Mr. Robert H. Holt* was on the brief, for appellee.

The jurisdiction *in rem* of the admiralty is founded upon physical power over the *res,* and upon the theory that the *res* proceeded against is " a contracting or offending entity," either a " debtor or offending thing,"—a thing which can be arrested and taken into custody, which can be fairly designated as tangible property, or the proceeds of tangible property, and is physically within the territorial jurisdiction of the court—in the case of the District Courts of the United States, "within the district." *The Robert W. Parsons,* 191 U. S. 17; *The Sabine,* 101 U. S. 384; *Cooper* v. *Reynolds,* 10 Wall. 308; *Ex parte Indiana Transp. Co.,* 244 U. S. 456; Benedict, Admiralty, 5th ed., vol. I, §§ 11, 297; Hughes, Admiralty, 2d ed., pp. 400–401.

This claim against Palmer & Parker Co., a disputed chose in action, falls far short of fulfilling these requirements. It is a pure abstraction, a mere intellectual concept. It cannot possibly be regarded as a " contracting entity "; such terms as " arrest " and " take into custody " can have no proper application to it; it is certainly not tangible property or its proceeds; and it cannot properly be described as being "within the district " of the court. It is no more a *res* than would be a pending claim to recover damages, or compensation, for a tort. No decision of this Court, and no decision of any Circuit Court of Appeals, holds that a claim such as this can be proceeded against in the admiralty by means of a libel *in rem,* at least as the sole *res.* Distinguishing, *Amer. Barge Co.* v. *C. & O. Coal Co.,* 115 Fed. 669; *Frontier S. S. Co.* v. *Central Coal Co.,* 234 Fed. 30; *Vane* v. *Wood Co.,* 231 Fed.

353; *Bank of Br. N. Amer.* v. *Freights of the Ansgar,* 137 Fed. 534; *Freights of the Kate,* 63 Fed. 707; *The Giles Loring,* 48 Fed. 463; *The Conveyor,* 147 Fed. 586.

Even if there were such a *res,* it was never within the lawful custody of the court. The custody of property is a physical matter, and implies immediate physical control.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a libel in admiralty against sub-freight alleged to be in the hands of the Palmer and Parker Company of Boston in the District of Massachusetts. It was dismissed by the District Court for lack of jurisdiction, 291 Fed. 92, and the decree having been entered on March 17, 1925, before the Act of February 13, 1925, c. 229, §§ 1, 14; 43 Stat. 936, 938, 942, went into effect, a direct appeal was taken to this Court under § 238 of the Judicial Code. *The Ira M. Hedges,* 218 U. S. 264, 270.

The United States, owner of the Steamship Mount Shasta, in May, 1920, made a bare boat charter of the vessel to the Mount Shasta Steamship Company through Victor S. Fox and Company, Inc., an agent of that company, stipulating for a lien upon all cargoes and all sub-freights for any amounts due under the charter party. Victor S. Fox and Company in July, 1920, made a sub-charter to Palmer and Parker Company for a voyage to bring a cargo of mahogany logs from the Gold Coast, Africa, to Boston. The vessel arrived in Boston with its cargo on February 19, 1921. There is due to the libellant $289,680 for the hire of the steamship; and the libel alleges that there is due and unpaid freight on the cargo of logs, $100,000, more or less, in the hands of Palmer and Parker Company, on which this libel seeks to establish a lien. It prays a monition against Palmer and Parker Company and all persons interested, commanding payment of the freight money into Court, &c. Palmer and

Parker Company was served. That Company filed exceptions to the libel, denied the jurisdiction of the Court and answered alleging ignorance of the original charter party and of the relations of the United States and the Mount Shasta S. S. Company to the vessel, and setting up counterclaims more than sufficient to exhaust the freight. The cargo had been delivered. The District Court assumed that a libel *in rem* could be maintained against freight money admitted to be due and payable, but was of opinion that the fund must exist when the suit is begun, or that the jurisdiction fails. The Court held that where, as here, the liability was denied in good faith, it did not appear that there was any *res* to be proceeded against and that the suit must be dismissed. The counsel for Palmer and Parker Company pressed the same considerations here in a somewhat more extreme form.

By the general logic of the law a debt may be treated as a *res* as easily as a ship. It is true that it is not tangible, but it is a right of the creditor's, capable of being attached and appropriated by the law to the creditor's duties. The ship is a *res* not because it is tangible but because it is a focus of rights that in like manner may be dealt with by the law. It is no more a *res* than a copyright. How far in fact the admiralty has carried its proceeding *in rem* is a question of tradition. We are not disposed to disturb what we take to have been the understanding of the Circuit Courts for a good many years, and what the District Court assumed. *American Steel Barge Co.* v. *Chesapeake & Ohio Coal Agency Co.,* 115 Fed. 669; *Bank of British North America* v. *Freights of the Hutton,* 137 Fed. 534, 538; *Larsen* v. *150 Bales of Sisal Grass,* 147 Fed. 783, 785; *Freights of the Kate,* 63 Fed. 707.

But if it be conceded that the Admiralty Court has jurisdiction to enforce a lien on sub-freights by a proceeding *in rem,* and a libel is filed alleging such sub-freights

to be outstanding, we do not perceive how the Court can be deprived of jurisdiction merely by an answer denying that such freights are due. The jurisdiction is determined by the allegations of the libel. *Louisville & Nashville R. R. Co.* v. *Rice,* 247 U. S. 201, 203. It may be defeated upon the trial by proof that *res* does not exist. But the allegation of facts that if true make out a case entitles the party making them to have the facts tried. It is said that the Court derives its jurisdiction from its power, and no doubt its jurisdiction ultimately depends on that. But the jurisdiction begins before actual seizure, and authorizes a warrant to arrest, which may or may not be successful. Here the debtor is within the power of the Court and therefore the debt, if there is one, is also within it. The Court has the same jurisdiction to try the existence of the debt that it has to try the claim of the libellant for the hire of the Mount Shasta. If the proof that there is freight due shall fail it does not matter very much whether it be called proof that the Court had no jurisdiction or proof that the plaintiff had no case. Either way the libel will be dismissed. See *Ira M. Hedges,* 218 U. S. 264, 270; *Lamar* v. *United States,* 240 U. S. 60, 64.

*Decree reversed.*

---

The separate opinion of Mr. JUSTICE McREYNOLDS.

I am unable to accept the view that an admiralty court may entertain an action *in rem* when there is nothing which the marshal can take into custody. The technical term *in rem* is used to designate a proceeding against some thing. This court and text writers again and again have pointed out the essential nature of such thing. The jurisdiction is founded upon physical power over a *res* within the district upon the theory that it is " a contracting or offending entity," a " debtor " or " offending

thing," something that can be arrested or taken into custody, or which can be fairly designated as tangible property. *The Sabine*, 101 U. S. 384, 388; *The Robert W. Parsons*, 191 U. S. 17, 37; Benedict on Admiralty, 5th ed., §§ 11, 297; Hughes on Admiralty, 2d ed., 400, 401; Admiralty Rules 10, 22.

Here the thing supposed to be within the district and proceeded against was an unliquidated, uncertain and disputed claim for freight, which manifestly could not be arrested or taken into custody. To base jurisdiction for an action *in rem* upon this intangible claim would amount to a denial of the essential nature of the proceeding.

Of course, jurisdiction of an admiralty court—that is, power to hear and adjudge the issues, not merely to send out a monition—is not finally to be determined by mere allegations of the libel any more than jurisdiction of a court of law ultimately depends upon the plaintiff's allegation that the defendant is alive and within the district. If it appear that the defendant has never been there or was dead when the action began, certainly the court can go no further.

An examination of *Freights of the Kate*, 63 Fed. 707; *American Steel Barge Co.* v. *Chesapeake & Ohio Coal Agency Co.*, 115 Fed. 669; *Bank of British North America* v. *Freights of the Hutton*, 137 Fed. 534, 538; and *Larsen* v. *150 Bales of Sisal Grass*, 147 Fed. 783, 785, I think, will fail to disclose any adequate support for the theory repudiated by the court below. Some language of *American Steel Barge Co.* v. *Chesapeake & Ohio Coal Agency Co.*, taken alone, seems to favor that view; but, in fact, the libel there was against "the cargo of coal" "and the freight on said cargo of coal." The prayer asked for process against "said cargo of coal and against said sub-freight thereon," and "that said cargo may be ordered by the court to be sold and the proceeds thereof applied to said payment."

The decree below should be affirmed.