## THE SURICO.

## THE SUNEWARKCO.

## THE SUTERMCO.

## THE SUNELSECO.

## THE SUGILLENCO.

### Nos. 12929–12933.

District Court, W. D. Washington, N. D.

May 21, 1930.

Theodore B. Bruener, of Aberdeen, Wash., for libelant.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for Krauss Bros. Lumber Company.

Chas. E. Allen, of Seattle, Wash., for receivers for claimant.

NETERER, District Judge.

To the show cause order heretofore issued why freight moneys in its hands, and earned by the steamship Surico, and/or Transmarine Corporation, the owner thereof, for the transportation of the lumber cargo on the voyage of the steamship Surico from the port of Grays Harbor on or about the 9th day of December, 1929, to the East Coast, and which freight moneys are due and unpaid, should not be brought into the registry of this court to answer the exigency of this action, the respondent has pleaded a contract by way of compromise settlement, and by such contract the original obligation has been extinguished and the liability of the Krauss Bros. Lumber Company to the steamship owner upon the principle of novation arises solely from the new contract, which is nonmaritime in character, and which is also unsecured by any maritime lien; and by supplemental answer and return say that, in addition to the modification and extinguishment of the rights and obligations previously existing, of the lumber company, expressly or impliedly resulting from the contract, there was effected with respect to freights upon the ships in issue a "reduction of the rate from a higher rate down to a rate of $9.00 per M feet, board measure."

Stevedores have a maritime lien upon the freights, enforceable in admiralty. In re Atlantic, Gulf & Pacific S. S. Co. (D. C.) 3 F. (2d) 309, 310. The mere fact that the lumber company entered into a contract with

the receiver for the owners of the ship, compromising various claims and indebtedness, or agreed to a reduction of the carrying charge, does not change or modify the lien of the longshoremen; and that lien is assertable in a court of admiralty, and follows the freight, and attaches to the proceeds and revenue that can be distinctly traced, and adheres to the proceeds in whose hands soever they may come. United States v. Freights, etc., of the Mount Shasta, 274 U. S. 466, 47 S. Ct. 666, 71 L. Ed. 1156.

■ The doctrine of novation has no application. There is confessedly $9 per thousand feet in the possession of the lumber company, and the lumber company should pay into the registry of this court freight at the rate of $9 per thousand feet on the four vessels in question, less any advances which may be lawfully made for port charges, discharging expenses, etc.

An order may be presented on notice.