## MURPHY v. CAMPBELL SOUP CO.
### No. 4413.

District Court, D. Massachusetts.
Oct. 15, 1930.

See, also, 40 F.(2d) 671.

Horatio N. Allin, of Boston, Mass., for plaintiff.

Wm. T. Snow and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., for defendant.

MORTON, District Judge.

These are motions by the plaintiff that the court amend the deputy marshal's return of service on the writ, and by the defendant that the action be dismissed, because no sufficient service is shown by the return.

In the writ the defendant is described as "The Campbell Soup Co., a Corporation duly established under the laws of the State of New Jersey and doing business in the Commonwealth of Massachusetts through and by its Agent and Officer, Harry S. Young, conducting a place of business at No. 150 Causeway Street in the City of Boston, upon whom service is to be made as the Agent and Officer in charge of its, the defendant's business." The return of service reads as follows: "Pursuant hereunto I have this day (June 26, 1930) attached a chip as the property of The Campbell Soup Co. and thereafter on the same day I served a true and attested copy of and an original Summons to this writ, by giving in hand to Harry S. Young, (service on the said Young made by direction of plaintiff's attorney Henry S. Young stating to me that he was agent, and in charge of business of The Campbell Sales Company, and not of the Campbell Soup Co.) to appear at Court and answer as within directed at Boston in said district."

In a recent action between the same parties, but in which other defendants were joined, the question arose on an answer in abatement whether the Campbell Soup Company was so present in Massachusetts as to be subject to the jurisdiction of the courts here. Upon the evidence submitted, it was held that Young, while employed and paid by the Campbell Sales Company, solicited business here on behalf of the Campbell Soup Company; that the sales company appeared to be a general selling agent of the soup company, and Young, appointed and paid by it, to have been a subagent representing the defendant in his endeavors to secure orders; and that the defendant by reason of Young's

activities was soliciting business within the commonwealth. 40 F.(2d) 671. The return of service was held to be defective, and there was ambiguity in the wording of the writ. The plaintiff has now brought this new action making the soup company alone defendant.

■ It is clear that the plaintiff's motion cannot be allowed as it stands. The court has no power to alter substantial recitals in the Marshal's return. But the discussion has taken a wider range and the matter ought to be dealt with on broader lines. The allegations of the writ concerning the defendant are sufficient if proved to bring it within the jurisdiction of the courts here. The summons was left by the deputy marshal with the proper person. The present question is only how the return of service should be made in order to bring the defendant into court. Massachusetts General Laws (chapter 223, §§ 37 and 38) provide that foreign corporations which engage in business within the state shall be subject to its jurisdiction, and that service shall be made upon them as upon domestic corporations, i. e., by serving upon the clerk, cashier, secretary, agent, or other officer in charge of the corporation's business. When this writ was served on Young (alleged therein to be the agent of the defendant in charge of its business here) he denied that he was an agent of the defendant. In view of this denial the deputy marshal making the service apparently felt it unsafe to adopt in his return the plaintiff's statement as to Young's agency contained in the writ, lest the Marshal should become liable for a false return. The return was accordingly made in the form stated. The defendant contends that the return is insufficient and moves to dismiss.

■■ In United Drug Company v. Cordley & Hayes, 239 Mass. 334, 132 N. E. 56, it was held by the Supreme Judicial Court of Massachusetts that, as between the parties, the return is conclusive on all matters which are properly within its scope and cannot be enlarged or modified by extrinsic evidence; that a statement as to the agency for the defendant of the person served under the statute referred to is within the scope of the return; and that on facts legally similar to those in the present case, except that no question of jurisdiction was involved, the action must be dismissed. The jurisdictional aspect of the matter was not discussed. Even in Massachusetts, however, it is recognized that the defendant has the right to contradict the officer's return if it states the jurisdictional facts against him. Reynolds v. Missouri, Kansas & Texas R. Co., 224 Mass. 379, 113 N. E. 413; Reynolds v. M., K. & T. R. Co., 228 Mass. 584, 117 N. E. 913; Miller v. Minerals Separation, Ltd. (D. C.) 275 F. 380. So that the broad principle upon which the decision is rested, viz., that as between the parties the officer's return is conclusive, is not uniformly adhered to.

Where, as here, a question of jurisdictional fact is involved, it is anomalous, and I think unsound, to make the serving officer a judge of it with power to decide finally against one party, but not the other. The plaintiff asserts facts which if true entitle him to maintain his action in this court. He ought not to be deprived of that right because the deputy marshal, who has no power to try the facts and who acts under fear of the heavy liability which might be incurred by making a false return, believes it unsafe for him to certify according to the plaintiff's allegations. The Reynolds Case exaggerates the function and importance of the officer's return. The purpose of service is to give the defendant formal notice of the proceedings against him, and, the purpose of the officer's return, to put upon the record the statement of a responsible official that such notice has been given. In states where service is made by leaving a copy of the complaint with the defendant the present question could not arise.

■■ Whether the necessary jurisdictional facts exist is a question which certainly ought to be triable by the court; and this is the practice in analogous matters. In the federal courts jurisdiction often depends on a particular state of facts being shown. This is true of cases depending on diversity of citizenship, of certain cases in admiralty, e. g., U. S. v. Freights of S, S. Mount Shasta, 274 U. S. 466, 47 S. Ct. 666, 71 L. Ed. 1156, of cases involving the construction of patents, etc. Such questions are uniformly determined by the court. The federal courts are not bound in such matters by the decisions of the state courts. Higham v. Iowa State Travelers' Association (C. C.) 183 F. 845 citing authorities; Reynolds v. R. Co., supra. In diversity cases the allegation of the requisite diversity of citizenship is treated as giving prima facie jurisdiction, sufficient to lay the foundation for further proceedings. This principle was approved in United States v. Freights of S. S. Mount Shasta, supra, where it was said: "The jurisdiction is determined by the allegations of the libel. Louisville & Nashville R. R. Co. v. Rice, 247 U. S. 201, 203, 38 S. Ct. 429, 62 L. Ed. 1071. It may be defeated upon the

216

trial by proof that the res does not exist. But the allegation of facts that if true make out a case entitles the party making them to have the facts tried." Holmes, J., 274 U. S. 471, 47 S. Ct. 666, 667, 71 L. Ed. 1156.

■■ While no precedent has been called to my attention, I think that the present statute should be treated in the same way, i. e., the allegations in the writ that a nonresident defendant is engaged in business within this district, and that the business is in charge of a designated agent, constitute a prima facie showing of jurisdiction. This was the view of Mr. Justice Jenney in the state court (239 Mass. 335, top, 132 N. E. 56). Where it is alleged in a writ that a foreign corporation is doing business here through a named agent, an officer's return showing service of the writ upon said agent here is sufficient to bring the defendant into court, though the return contain no statement as to the alleged agency. Forrest v. Union Pacific R. R. Co. (C. C.) 47 F. 1, at page 2. If the defendant objects to the jurisdiction, he can raise the question by a plea in abatement. If the defendant defaults, the situation is the same as in cases where jurisdiction depends upon diversity of citizenship.

■ The present return is defective in not stating where the service was made on Young, nor that he is the person named in the writ. These are formal matters on which the return may be amended by the Marshal if he so requests. If the return shall be so amended, the defendant's motion to dismiss will be denied.