## CONTINENTAL PRODUCTS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2755.

Circuit Court of Appeals, First Circuit.

July 24, 1933.

Wm. R. Brown, of Chicago, Ill., for petitioner for review.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a petition to review a decision by the Board of Tax Appeals with respect to the petitioner's income and profits taxes for the years 1918, 1919, and 1920. The complicated facts are settled by stipulation of the parties, and are stated in the opinion of the Board of Tax Appeals. 20 B. T. A. 818. We shall refer only to such as are pertinent to the discussion of the questions involved.

The first question is whether the petitioner, during the years stated, was affiliated with a group of corporations headed by the Brazil Railway Company, and was therefore entitled to join in a consolidated tax return made by that group. The Commissioner held that it was not; and his decision was affirmed by the Board of Tax Appeals. We entertain no doubt but that the decision was right. During the year 1918, and up to June, 1919, 22½ per cent. of petitioner's capital stock was owned by the Sulzberger Products Company; from June, 1919, to the end of 1920, 45 per cent. of the petitioner's capital stock was owned by that company. All the rest of the petitioner's stock was owned by the Brazil Railway Company or its affiliates. The Sulzberger Products Company was in no way affiliated with the Brazil Railway Company or with any of the corporations in that group. It was an entirely independent concern. It regularly gave proxies to the Brazil Railway Company to vote the Sulzberger stock at the annual meetings of the petitioner's stockhold-

ers. It was, however, under no legal obligation to do so. The Brazil Railway Company had no control over the Sulzberger Products Company stock or the Sulzberger Products Company.

It is well settled that permissive control over stock, accorded by the owner of it to another party for voting purposes, does not constitute the control required for affiliation under the Revenue Act. (40 Stat. 1057.) The point is decided against the petitioner by Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207. See, too, Ground Gripper Shoe Co. v. Commissioner (C. C. A. 1) 62 F.(2d) 654. We are not impressed by the attempted distinctions between the present case and those decisions. Without legal control of the Sulzberger stock, the Brazil Railway Company did not control substantially all of the petitioner's stock.

■ The petitioner next contends that collection of the tax for 1918 is barred by the statute of limitations. This is so, unless the running of the statute was tolled by proceedings instituted by the petitioner before the Board of Tax Appeals. The Commissioner assessed a tax of about $890,000 against the petitioner for that year. The petitioner duly filed with the Commissioner a claim in abatement. In April, 1925, the Commissioner sent a notice to the petitioner that the abatement was granted in the amount of about $23,000, and denied as to the remainder. The petitioner treated this letter as "a notice of deficiency," which entitled it to appeal to the Board of Tax Appeals. Accordingly, in June, 1925, it filed a petition of appeal before the Board of Tax Appeals in which, as it therein stated, it appealed from the determination of the Commissioner of Internal Revenue set forth in his *deficiency letter* (italics supplied), dated April 25, 1925." A "deficiency letter" so called, or notice of deficiency, was a necessary foundation for the jurisdiction of the Board of Tax Appeals in the matter. The proceedings thus initiated by the petitioner were not finally decided until some time in 1932. Taking out this period, the collection of the tax is not barred by the statute of limitations.

In those proceedings, all questions as to the petitioner's taxes were fully heard and determined. The Commissioner held up the collection of the tax while they were pending. (See Revenue Act 1926, c. 27, § 274 (a), 44 Stat. 9, 55 [26 USCA § 1048].) The petitioner now undertakes to repudiate its statement that the Commissioner's letter was a "deficiency letter," on which the whole proceeding before the Board of Tax Appeals was founded, and to assert that said letter was not a deficiency letter; that it (the petitioner) had no right to appeal to the Board of Tax Appeals; that the Board never had jurisdiction of the matter; that the proceedings before the Board did not therefore stay the Commissioner from proceeding with the collection of the tax nor toll the running of the statute of limitations; and that the statute of limitations has accordingly run. We should hesitate to say that the assertion of jurisdictional facts did not give the Board of Tax Appeals jurisdiction, at least to the extent of determining whether it had jurisdiction (U. S. v. Freights, etc., of The Mt. Shasta, 274 U. S. 466, 47 S. Ct. 666, 71 L. Ed. 1156), or that such a proceeding did not prevent the collection of the tax, while it was pending, as the Commissioner evidently believed. It is the filing of the petition with the Board of Tax Appeals which by the statute stays the Commissioner's hand. Revenue Act 1926, c. 27, § 274 (a), 44 Stat. 9, 55. But the shorter and conclusive answer to the petitioner's contention is that such brazen repudiation by a party of its own acts and assertions, on which the other party evidently relied, is not legally permissible. Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578; Casey v. Galli, 94 U. S. 673, 680, 24 L. Ed. 168; Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618.

■ The petitioner's next contention is that section 274 (d) of the Revenue Act of 1924 (26 USCA § 1051 note) is unconstitutional, because it authorizes the assessment and collection of a tax without giving the taxpayer an opportunity to be heard, except on condition that a bond is given to pay the tax if found to be due. This section provides for so-called "jeopardy assessments"; i. e., under certain circumstances when, as stated in the statute, "the commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay," he is authorized to assess and collect it in a summary manner which does not give the taxpayer a right to be heard unless he gives a bond as above stated.

This objection is urged against the 1919 tax, as to which, the petitioner having failed to sign a waiver of the statute of limitations, a jeopardy assessment in the amount of $245,369 was made under the section referred to. The collection of this tax has not been enforced, and nothing has yet been paid on it. After the assessment was made, the petitioner filed a claim for abatement, on which it ap-

436

pears to have been fully heard. The claim was denied under date February 27, 1926; and the petitioner was then notified that it might protest the rejection of its claim and might appeal to the Board of Tax Appeals. It was also notified that it might present additional evidence and arguments. After further consideration, the claim in abatement was finally rejected under date July 22, 1926, and the petitioner was again notified that it might appeal to the Board of Tax Appeals. It did so. The Board fully considered the matter and decided against the petitioner. It thus appears that the petitioner has been fully heard by the Commissioner, by the Board of Tax Appeals, and by this court as to the amount and the validity of this assessment. In a somewhat similar situation, it was said by the Supreme Court: "The plaintiff has, therefore, been heard, and on the hearing has succeeded in reducing the assessment. What more ought to be given? Whether the opportunity to be heard which has been afforded to the plaintiff has been pursuant to the provisions of some statute, * * * or by the holding of the court that the plaintiff has such right in the trial of a suit to enjoin the collection of the tax, is not material." Peckham, J., Security Trust & Safety Vault Co. v. City of Lexington, 203 U. S. 323, 27 S. Ct. 87, 90, 51 L. Ed. 204. We doubt whether the petitioner is in a position to raise this question. However, the constitutionality of jeopardy assessments against transferees of property was carefully considered in Phillips v. Commissioner, 283 U. S. 589, 593, 51 S. Ct. 608, 75 L. Ed. 1289, and it was decided that the provisions were constitutional. They closely resemble those relating to jeopardy assessments of income taxes. The principles on which that decision rests fully cover the present case. See, too, Heald v. District of Columbia, 259 U. S. 114, 42 S. Ct. 434, 66 L. Ed. 852.

The last point argued for the petitioner is that the assessment and collection of the 1919 tax was barred by the statute of limitations. The petitioner concedes in its reply brief that: "If 'the jeopardy assessment' was valid when made, the collection was not barred by limitations when the Commissioner mailed the 'notice of deficiency' July 22, 1926 (Docket No. 20050)." As we hold the jeopardy assessment to be valid, this point does not require further discussion.

The decision of the Board of Tax Appeals is affirmed on all points.

WILSON, Circuit Judge, concurs in result.