FIDELITY AND DEPOSIT COMPANY OF MARYLAND *vs.* CROWELL & THURLOW, INC., & another.

Suffolk. December 12, 1933. — March 28, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction, Of indemnity.

A conveyance by the owner of an interest in a schooner and other vessels to a vendee, who assumed "all obligations for their indebtedness" and agreed to save the vendor harmless "against any future claims which may arise against any of the above vessel interests," did not require the vendee to save a surety company harmless under an agreement, made by the vendor before the conveyance, to indemnify the surety company against loss sustained in performance of a stipulation, which it had executed on the application of the vendor in order to release the schooner from attachment under a libel in admiralty proceedings, that such final decree as might issue therein would be fulfilled: the obligation under the contract of indemnity between the vendor and the surety company was not an "indebtedness" of the schooner nor a "future claim" which might arise against a "vessel interest."

BILL IN EQUITY, filed in the Superior Court on November 29, 1932, and described in the opinion.

The suit was heard by *Walsh,* J. Material facts are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*J. B. Wolbarsht,* (*A. I. Zimon* with him,) for the plaintiff.

*J. W. Lowrance,* (*A. Sigel* with him,) for the defendant Crowell & Thurlow, Inc.

LUMMUS, J. The bill alleges and the answers admit that the plaintiff became surety for the defendant Boston Maritime Corporation upon a "bond" in the penal sum of $3,000 to "dissolve a libel" in admiralty proceedings against the schooner "Helen Barnett Gring," brought by the Davison Chemical Company, in consequence of which the plaintiff was compelled to satisfy the final decree, amounting to $2,300 with costs of $153.98, and also to expend $185 as counsel fees, for all of which the Boston Maritime Corpora-

tion had agreed to indemnify the plaintiff. Although it makes no difference in legal principle, the exhibits on file show rather that the plaintiff entered into a stipulation to perform and fulfil the final decree, in order to obtain the release of the schooner, under U. S. Rev. Sts. § 941, 30 U. S. Sts. at Large, 1354, c. 441 (U. S. C. ;Title 28, § 754).

After the stipulation was given but before final decree in the admiralty proceedings was entered, the defendant Boston Maritime Corporation conveyed its interest in that schooner, amounting to forty-nine sixty-fourths, and in other vessels, to the defendant Crowell & Thurlow, Inc., that defendant "assuming all obligations for their indebtedness," and agreeing to save the vendor harmless "against any future claims which may arise against any of the above vessel interests." In this suit to compel Crowell & Thurlow, Inc., to indemnify the plaintiff, the only question argued is, whether the claim of the Davison Chemical Company or the claim of the plaintiff for indemnity from the defendant Boston Maritime Corporation was an obligation for the indebtedness of the schooner, or a future claim against a vessel interest, within the language quoted. The judge ruled that neither claim fell in either class, and dismissed the bill with costs as to Crowell & Thurlow, Inc. The plaintiff appealed.

The jurisdiction in admiralty of a libel *in rem* against a vessel is based upon the existence of a maritime lien upon the vessel which may be enforced by seizure of the vessel and a sale of it by the marshal under a decree. Story, J., in *Willard* v. *Dorr*, 3 Mason, 91. Curtis, J., in *Beane* v. *The Schooner Mayurka*, 2 Curt. C. C. 72. *The Corsair*, 145 U. S. 335. *The Resolute*, 168 U. S. 437. *The Barnstable*, 181 U. S. 464. *United States* v. *Freights of the Steamship Mt. Shasta*, 274 U. S. 466. The "indebtedness" of the schooner, and obligations therefor, which the defendant Crowell & Thurlow, Inc., assumed, comprised only existing claims for which the schooner itself could be libelled and sold under a decree in admiralty. Of course the plaintiff had no maritime lien for indemnity. At the time of the conveyance and the assumption of these obli-

gations, the stipulation had already dissolved the. maritime lien of the Davison Chemical Company, and had rendered impossible a sale of the schooner upon any decree that might be entered upon its libel. *Gray* v. *Hopkins-Carter Hardware Co.* 32 Fed. Rep. (2d) 876, 878. *The Glide,* 72 Fed. Rep. 200. *The New York,* 104 Fed. Rep. 561. *The Gerald A. Fagan,* 49 Fed. Rep. (2d) 215, 217, affirmed *sub nomine Marine Transit Corp.* v. *Dreyfus,* 284 U. S. 263, 277. *Elliot* v. *Lombard,* 66 Fed. Rep. (2d) 662. 1 Benedict, Admiralty (5th ed.), §§ 364, 373, 374. See also, under our mechanics' lien law, *La Centra* v. *Jackson,* 245 Mass. 14.

Neither claim was a "future claim" which might arise against a "vessel interest," but each was a claim which could not be enforced against the schooner or any interest therein. In arriving at these conclusions we have paid no attention to the expert testimony as to the meaning of the language, which was admitted subject to the exception of the plaintiff.

*Decree affirmed with costs.*