**LOIZOS v. COMPANIA NAVIERA LIMITADA.**

**THE "PERLA".**
**ASIATIC PETROLEUM CORPORATION v. COMPANIA NAVIERA LIMITADA**
(and other consolidated actions).

**THE PINTA.**
**THE URANIA.**
Nos. 197, 277.

United States District Court
E. D. Pennsylvania.

Nov. 29, 1950.

Abraham E. Freedman, and Freedman, Landy & Lorry all of Philadelphia, Pa., for petitioner.

George E. Beechwood, and Conlen, LaBrum & Beechwood all of Philadelphia, Pa., for respondents.

CLARY, District Judge.

Petros S. Loizos and Simpson, Spence and Young, a partnership, petitioner and respondent respectively in the present action, are both libellants in a series of actions against the Steamship "Perla", her engines, boilers, tackle, etc. The vessel was sold under Order of this Court for $141,750.00, and a reference for the hearing of claims and recommendations for distribution of the fund has been made to a Special Commissioner in Admiralty. The petitioner in the present proceeding, in a motion made by his proctor, unsupported by any affidavit, has averred that respondents acted as financial agents of the vessel from 1947 to 1950; that they have collected freight monies earned by operations of the "Perla" and have expended only part of the fund so received. He asks the Court to order the respondents to make a full and complete accounting of the receipts and disbursements and to order the payment of any balance into the Registry of the Court as part of the res in these proceedings.

Respondents have denied under oath that such funds exist. They aver that certain monies which were paid to them were paid under and upon the direct order of the owner of the vessel and not to them as financial agents of the Steamship "Perla". Respondents have raised other technical objections, discussion and determination of which I do not consider necessary to a decision in this case.

The contention advanced by the petitioner is that freights earned in the operation of a vessel are a part of and incident to the ship; that regardless of the time they were earned and collected or in whose hands they may be, if they can be traced they remain incident to the ship and subject to the control of the court in an in rem proceeding against the vessel. In support of his contention, petitioner has cited cases in United States District and Circuit Courts and the Supreme Court of the United States. A careful reading of the decided cases and independent research have convinced me that petitioner has put too broad an interpretation on the principle enunciated in the decided cases. The cases cited by the petitioner involved accruing freights or freights earned but as yet unpaid, e.g., United States of America v. Freights, etc. of The Mt. Shasta, 274 U.S. 466, 47 S.Ct. 666, 71 L.Ed. 1156; United States v. Robins Drydock & Repair Co., 1 Cir., 13 F.2d 808, and cases therein cited.

The concept of personification of the ship in maritime law arose in connection with the responsibility of the ship as an entity for benefits conferred upon it or damages caused by it. The necessity of a ship to obtain supplies or repairs on its own credit, especially in a foreign port, to enable it to continue its voyage gave rise to this fiction. The fiction has been extended to include accruing freights or freights earned but as yet unpaid. A review of the decided cases in this connection clearly reveals that the freights involved were either earned on the particular voyage antedating the proceeding in rem or were freight monies earned and not paid prior to the action in rem. I have found no case supporting the contention advanced by the petitioner.

Logic demands that where freights are earned by a vessel, and where no question of fraud is involved, they at some time be considered as personal property of the owner not subject to a maritime lien or an attachment in a proceeding in rem. In other words, there must at some point be a separation of the freights from the personage of the ship. To me, that time would be at the end of each voyage when the ship "turns over" the surplus of freights

to the owner. They are then personal property subject to the control of the owner.

On the petition and answer before me, I have no way of determining whether in fact respondents have ever collected freights of the "Perla" or, if they have, what amount has been collected for the last voyage. At the hearing of respondents' claim before the Special Commissioner, the matter can be fully considered on the facts presented and appropriate recommendations made in accordance with this opinion.

The prayer of the petition, therefore, is denied.